22-575-cv
*Urbina Palacios v. Alifine Dining Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of March, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
     MYRNA PÉREZ,
     ALISON J. NATHAN,
        *Circuit Judges.*

---

MIGUEL URBINA PALACIOS, ON BEHALF OF HIMSELF
AND ALL OTHER PERSONS SIMILARLY SITUATED,

     *Plaintiff-Appellee,*

      v.

ALIFINE DINING, INC., d/b/a NANKING, OMSAI FOODS INC.,
d/b/a NANKING, TULIP NYC INC., a/k/a NANKING,
HARKESH YADAV, and AKBARALI HIMANI,

     *Defendants-Appellants,*       22-575-cv

JOHN DOES #1-10,

     *Defendants.*

---

**FOR DEFENDANTS-APPELLANTS:**   Lee Nuwesra, Law Offices of Lee
                 Nuwesra, New York, NY.

**FOR PLAINTIFF-APPELLEE:**     David Stein, Stein & Nieporent LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 10, 2022 order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellee Miguel Urbina Palacios filed a putative class or collective action suit against Defendant-Appellants Alifine Dining Inc., Omsai Foods Inc., Tulip NYC Inc., Harkesh Yadav, Akbarali Himani, and Defendants John Does #1-10, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants sought to compel arbitration and stay the action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2–16, and requested that the District Court issue an order limiting the arbitration to only Plaintiff's individual claims. The District Court denied Defendants' motion to compel arbitration and stay the action, as well as their request to limit the arbitration. Defendants appeal. We review *de novo* a district court's refusal to compel arbitration. *See Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). And we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In deciding motions to compel [arbitration], courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). We must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Id.* (alteration omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)). And we "must draw all reasonable inferences in favor of the non-moving party." *Id.*

To determine whether to stay proceedings pending arbitration, a court must determine, *inter alia*, the scope of the relevant arbitration agreement. *See Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008). We must first "classify the particular [arbitration] clause as either broad or narrow." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001). Specifically, we must determine whether the language "taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement . . . , or if . . . arbitration was designed to play a more limited role in any future dispute." *Id.* at 225.

The arbitration agreement Urbina Palacios signed contained the following language:

2

## NON-DISCRIMINATION AND ARBITRATION

There shall be no discrimination against any present or future employee of (Tulip NYC Inc 598 Broad Hollow Road, Melville, NY 11747, any of its Nanking affiliates, Principles, Officers, or Managers ), ("Employer"), by reason of race, creed, religion, color, age, disability, national origin, ancestry, sex, veterans' status, alienage or citizenship status, marital status, victim of domestic violence status, victim of sex offenses or stalking status, domestic partner status, military status, atypical hereditary cellular or blood trait or any other genetic information, AIDS and HIV infection, sexual orientation or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the American with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, Federal and State Labor Laws or any other similar laws, rules, or regulations. All such claims shall be subject to Arbitration, as the sole and exclusive remedy for violations, as a condition of employment or continued employment with Employer. All Arbitrations shall be brought, pursuant to the procedures of the American Arbitration Association ("AAA"). Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, The New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations. Employee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer.

J. App'x 52.

We classify this arbitration language as narrow. Taken as a whole, the arbitration clause demonstrates that it was designed to address claims related only to discrimination. The clause prohibits discrimination on the basis of the listed characteristics and others protected by law. The laws it references, which include the FLSA and NYLL by inference, are merely laws under which discrimination claims can be brought. The clause does not cover claims unrelated to discrimination brought under the enumerated laws, including the FLSA and NYLL. *See id.*

Having classified the language as narrow, we "must [next] determine whether the dispute is over an issue that 'is on its face within the purview of the clause,' or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause." *Louis Dreyfus Negoce S.A.*, 252 F.3d at 224 (quoting *Rochdale Vill., Inc. v. Pub. Serv. Emps. Union*, 605 F.2d 1290, 1295 (2d Cir. 1979)). "Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview." *Id.* This dispute is over collateral issues. Urbina Palacios asserts minimum wage and overtime claims under the FLSA, 29 U.S.C. §§ 206, 207, 215, and the NYLL, N.Y. Lab. Law §§ 190–199, 650, 652. He also asserts spread of hours and Wage Theft Prevention Action claims under the NYLL, N.Y. Lab. Law §§ 650, 195. Although a plaintiff can assert discrimination claims under the FLSA and the NYLL, Urbina Palacios does not. Accordingly, his claims are beyond the purview of the arbitration agreement. The District Court, therefore, properly denied Defendants' motion to compel arbitration and stay the action.

Because the arbitration agreement Urbina Palacios signed does not require arbitration of his claims, the District Court also properly denied Defendants' request to limit arbitration to his individual claims. Under these circumstances, their request is moot.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Defendants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 10, 2022 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court